The Honorable Jon S. Fitch Executive Director Arkansas Livestock and Poultry Commission Post Office Box 8505 One Natural Resources Drive Little Rock, Arkansas 72215
Dear Mr. Fitch:
I am writing in response to your request for an opinion on the following question:
 Does the Livestock Poultry Commission have the authority to offer early payment discounts and/or late payment fees for tests which we do in our laboratory for private industries? If we do have that authority, would it be necessary to have that approved by the legislative rules and regulations committee?
You state that "At this time we simply send the bills out, which are due in 30 days," but that ". . . if we have a company that does not pay within 30 days we have no penalties except to deny further work for that company, which is not what we wish to do."
RESPONSE
In my opinion the answer to your first question is "yes." In response to your second question, in my opinion the Commission must follow the "review" process of A.C.A. § 10-3-309 in conjunction with the promulgation of any such rule. *Page 2 
Question 1 — Does the Livestock Poultry Commission have theauthority to offer early payment discounts and/or late payment fees fortests which we do in our laboratory for private industries?
In my opinion the answer to this question is "yes."
Two different statutes address the payment of fees for laboratory services performed by the Arkansas Livestock and Poultry Commission. The first is applicable to all species of livestock and poultry and the second addresses services pertaining to small animals such as dogs, cats and others that are considered to be household or family pets. Sections2-33-111 and 2-33-112 provide in pertinent part, respectively, as follows:
 A.C.A. § 2-33-111
 (a) The Arkansas Livestock and Poultry Commission may promulgate rules and regulations concerning services performed by its diagnostic laboratories that pertain to all species of livestock and poultry.
 (b)(1) A fee structure may be designed and maintained by the commission for the purpose of defraying the cost of diagnostic services.
 (2)(A) The fees collected shall be deposited in the State Treasury as special revenues and shall be credited to the Livestock and Poultry Special Revenue Fund.
 A.C.A. § 2-33-112
 (a) The Arkansas Livestock and Poultry Commission may promulgate rules and regulations concerning services performed by its diagnostic staff that pertain to small animals such as dogs, cats, and others that are considered to be household or family pets. *Page 3 
 (b)(1) A fee structure may be designed and maintained by the commission for the purpose of defraying the costs of these services.
 (2) The fees collected shall be deposited in the State Treasury as special revenues and shall be credited to the Livestock and Poultry Special Revenue Fund.
It is clear from the statutes above that the Commission has authority to adopt rules and regulations to put a "fee structure" in place for its diagnostic services. The Commission has done so with the promulgation of Livestock Poultry Commission Rule 125.00 ("Laboratory/Regulatory Fee Schedule"). In my opinion the Commission's statutory authority includes the power to amend this rule to offer early payment discounts or impose late fees for delinquent payments. Such inducements, in my opinion, could fairly be included as components of a fee "structure" under the statutory authority set out above. In my opinion, therefore, the answer to your first question is "yes."
Question 2 — If we do have that authority, would it be necessary tohave that approved by the legislative rules and regulationscommittee?
In my opinion the answer to this question is that the Commission must follow the "review process" of the Legislative Council set out at A.C.A. § 10-3-309 (Supp. 2007).
I assume this question has reference to the Legislative Council's "Subcommittee on Administrative Rules and Regulations." Seegenerally, A.C.A. § 10-3-313 (Repl. 2002) and A.C.A. § 10-3-309 (Supp. 2007). It has been stated that the latter statute:
 . . . provides a comprehensive procedure for the "review" of administrative rules and regulations. That procedure involves the Arkansas Legislative Council and authorizes it to review "possible, proposed, or adopted rules and regulations" and to recommend to an appropriate committee of the General Assembly *Page 4 
the enactment of statutes to improve the state agency's operation or to supersede a particular rule or regulation by statute. A.C.A. § 10-3-309(d)(1)(A) and (d)(3)(A).
Op. Att'y Gen. 2005-163 at 5.
Your question is whether the contemplated adoption of early payment discounts or late fee charges would require the "approval" of the Legislative Council's Subcommittee on Administrative Rules and Regulations. As stated in Op. Att'y Gen. 2005-163, however, "This statute contains no requirement as to legislative committee `approval'" of agency regulations. The statute instead provides for "review" of certain regulatory changes. The distinction is important because as further noted in Op. Att'y Gen. 2005-163, "[l]egislative `approval' or rejection of administrative rules and regulations gives rise to constitutional `separation or powers concerns.'" Id. at n. 2, citing Op. Att'y Gen. 2001-033.
That being said, the "review" process under A.C.A. § 10-3-309 (Supp. 2007) requires certain filings of notice with the Bureau of Legislative Research and the appropriate subject matter interim committee having responsibility for review of the agency in question. See A.C.A. §10-3-309(b)(1)(A); (e)(1)(A); and (f)(1). The statute requires the filing of a copy of the proposed or amended rule along with a financial impact statement. A.C.A. § 10-3-309(e)(1)(A). Such filings are required "before any rule or regulation may be revised, promulgated, amended, or changed. . . ." Id. at (e)(1)(A) and (f)(1). The requirements of this statute overlap and must be complied with in addition to the Administrative Procedures Act or "APA," where applicable. See A.C.A. §§ 25-15-201-218 (Repl. 2002) and (Supp. 2007).
I assume that the promulgation of the early payment discounts and the late payment fees you describe would be accomplished by amending the existing rule regarding fees of the Commission. A "rule" is defined in the Administrative Procedures Act as "any agency statement of general applicability and future effect that implements, interprets, or prescribes law or policy, or describes the organization, procedure, or practice of any agency and includes, but is not limited to, the amendment or repeal of a prior rule." A.C.A. § 25-15-201(8)(A). In my opinion, therefore, the requirements mentioned above in A.C.A. §10-3-309 as well as the Administrative Procedures Act must in all likelihood be satisfied in order to adopt the rule or regulation you mention. *Page 5 
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General